UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY FEQUIERE, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> MILSTEAD & ASSOCIATES, LLC <br><br><br> Defendant. | Civil Action No: 15-7541 (RMB/AMD) <br><br><br><br> **FINAL APPROVAL ORDER** |

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Danny Fequiere ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Milstead & Associates, LLC. ("Milstead"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Milstead.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

All consumers with a New Jersey address to whom Milstead & Associates, LLC mailed a written communication in the form of Exhibit A to the Plaintiff's Complaint during the period beginning October 15, 2014, and ending November 4, 2015 where the letter stated in relevant part:

> "4. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. If you do not dispute the debt within that period, it will be presumed to be valid."

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or

1

not Milstead violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* by mailing consumers written collection communications, which allegedly failed to correctly provide the proper disclosures required by 15 U.S.C. §1692g(a)(3); (C) the Plaintiff's claim is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorney, Ryan Gentile, Esq., is hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 2,286 Settlement Class members by First Class, Inc., the third-party settlement administrator ("Settlement Administrator"). A total of 390 envelopes were returned by the United States Postal Service with no forwarding address. Three envelopes were either forwarded to a new address or returned with a forwarding address and re-mailed. One Settlement Class member requested exclusion from the settlement. Zero objections to the settlement agreement were filed or received. A total of 133 Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement. Furthermore, ~~one (1)~~ two (2) Settlement Class members returned ~~an~~ untimely claim forms. ~~That~~ These Class members are also entitled to a share of the monetary benefits of the settlement. Finally, two claim forms were returned, but appeared to be signed by someone other than the addressee. Class counsel shall determine the propriety of these claims within ten days. If class counsel determines such claims are not permissible or is unable to make such decision, Class counsel shall seek an order from this court.

5. On June 1, 2017, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited.

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States

Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Milstead. In accordance with the terms of the Agreement, Milstead shall make the following payments:

(a) Milstead will create a class settlement fund of $5,000.00 ("Class Recovery"), which Class Counsel through the Settlement Administrator will distribute *pro rata* among those Settlement Class members who do not exclude themselves and who timely returned a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance.

When two or more Settlement Class members share the same undivided claim (they received only one letter in question but addressed to both of them) if both Settlement Class members submit separate claim forms then only one payment shall be made to both of the class members that will be in the same amount as the other individual Claimants. Settlement Class members who share the same undivided claim may not double their awards by submitted two claim forms for both of them, they only have one claim for the purposes of this Agreement.

Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to the National Consumer Law Center 7 Winthrop Square, Boston, MA 02110, a non-profit organization delivering free legal services to low-income citizens throughout the United States.

(b) Milstead shall pay Plaintiff $1,000.00.

(c) Milstead shall pay Class Counsel $10,000.00 for their attorneys' fees and costs incurred in the action. Class Counsel shall not request additional fees or costs from Milstead or the Settlement Class members.

8. The Parties grant the following releases:

(a) Plaintiff, Danny Fequiere, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Milstead, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors,

3

agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Milstead) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, whether or not alleged, that have been, could have been, or could now or later be alleged or asserted against any Releasee arising out of or in any way relating to any claims made or facts alleged in Plaintiff's pleadings from the beginning of time through the Effective Date.

(b) Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all FDCPA causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Milstead's collection letters in the form attached as <u>Exhibit A</u> to Plaintiff's Complaint in the Litigation [Doc. 1-1].

(c) IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class member may have with respect to the underlying debts which Milstead was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus. In addition, the releases above DO NOT have any effect upon any affirmative defense(s) in any underlying foreclosure actions involving the Plaintiff or any of the Settlement Class members.

(d) Milstead does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class members for payment of their alleged debts. The underlying debts Milstead sought to collect are not affected by this Agreement. This Agreement does not prevent Milstead from continuing to attempt to collect the debts allegedly owed by the Plaintiff or any of the Settlement Class members.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

14. The Class Counsel shall not make any payments until the issue of the two claim forms referred to in paragraph 4 above has been adjudicated by this Court [favor of payment.]

4

**IT IS SO ORDERED:**

_____
HONORABLE RENEE MARIE BUMB
District Judge, United States District Court

Dated: June 1, 2017